Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit' upon a promissory note, executed by the decedent, on the 6th of June, 1834, and payable on tfae 26th of September, 1834. The suit was brought on the 5th of November, 1840, six years and thirty-nine days after the note fell due.
The defendant pleaded that he became the administrator of Liggon, in June, 1835, that the plaintiff was living and resident within this state, and that the claim had not been presented within eighteen months. To this there was a replication, that the defendant had not made publication, as the statute directs, and this was demurred to.
The defendant also pleaded the statute of limitations, of six years, to which the plaintiff replied ; to which replication there was also a demurrer. The point intended to be presented is, whether the nine months allowed to.an administrator, by the statute, to look into the affairs of the estate, before suit can be brought against him, has the effect to suspend the general act of limitations during that period, and thereby to leave to the plaintiff six years within which to sue, besides the nine months within which he is restrained from suing. The court below gave judgment for the defendant, from which the cause comes, by writ of error, to this court.
By the terms of the statute, it is plain that the bar of eighteen mouths does not attach, unless publication be made, according to its directions. H. & H. 413, sec. 92. This construction has been already adopted by this court, in a cause decided at the present term.
The other point is not free from difficulty. Here the intestate died after the maturity of the-note, and the general rule is, that when the statute once commences, it- runs on, notwith *456 standing any subsequent disabilities. Yet when the disability grows out of some positive statutory provision, it seems but right to exclude the time, during which such temporary disability continues, from the computation. To authorize the application of the statute, there must be an existing cause of action, a party tó sue, and one liable to suit. Bradford v. McLemore, 3 Yerger. The statute does not apply when there is no executor or administrator. L Iredell, 66. It has been expressly decided, in the case of the Planters Bank v. Bank of Alexandria, 10 Gill & Johns. 346, that if a defendant cease to be subject to suit by the provisions of an act of assembly, the statute of limitations would be no bar to the claims of creditors. In the case of Moses v. Jones, Administrator, 2 Nott & McCord, 259, under a statute precisely similar to ours, it was holden, that the. nine months during which suit was prohibited to be brought against the administrator, was excluded from the computation.
The whole of several acts upon the same subject, must be construed together. Allowing the administrator nine months before suit can be brought against him, does not necessarily repeal by implication the statute of six years, and virtually reduce it to five years and three months. They must be construed so that they may all stand, and have their several effects, and perform their several offices, if practicable.
There is another view of the statute which warrants the same conclusion. One of the sections of the act provides, -that if any defendant be out of the state, during the time when a suit might be sustained, the time of his absence shall not be computed. H. & H. 571, sec. 99.
This shows the intention of the legislature, that the statute should not run during a period when there was no one subject to'suit. It is not a forced construction to apply this provision to the case before us, by analogy to the case of persons held in slavery, who are deemed to be imprisoned, so as to prevent the bar of the statute. Matilda v. Crenshaw, 4 Yer. 299.
The pleadings, although by no means formal, are still believed to be sufficient. Howell v. Babcock’s Executor, 24 Wend. 489.
Judgment reversed, and a new trial granted.